B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Candice Devina Coles | DEFENDANTS<br>Ad Astra Recovery Services, Inc. and SCIL Texas, LLC d/b/a www.SpeedyCash.com |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>James J. Manchee, Manchee & Manchee PC<br>12221 Merit Drive, Suite 950, Dallas, TX 75251 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor ☐ Other<br>☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
For actual and punitive damages, and legal fees and expenses filed by the Plaintiff for the Defendant's violation of the automatic stay.

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

FRBP 7001(1) – Recovery of Money/Property
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

FRBP 7001(2) – Validity, Priority or Extent of Lien
☐ 21-Validity, priority or extent of lien or other interest in property

FRBP 7001(3) – Approval of Sale of Property
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

FRBP 7001(4) – Objection/Revocation of Discharge
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

FRBP 7001(5) – Revocation of Confirmation
☐ 51-Revocation of confirmation

FRBP 7001(6) – Dischargeability
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

FRBP 7001(6) – Dischargeability (continued)
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

FRBP 7001(7) – Injunctive Relief
☐ 71-Injunctive relief – imposition of stay
☑ 72-Injunctive relief – other

FRBP 7001(8) Subordination of Claim or Interest
☐ 81-Subordination of claim or interest

FRBP 7001(9) Declaratory Judgment
☐ 91-Declaratory judgment

FRBP 7001(10) Determination of Removed Action
☐ 01-Determination of removed claim or cause

Other
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 30,000.00 |
| Other Relief Sought<br>Actual and punitive damages, injunctive and declaratory relief | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR Candice Devina Coles | | BANKRUPTCY CASE NO. 11-44508 | |
| DISTRICT IN WHICH CASE IS PENDING Northern District of Texas | | DIVISION OFFICE Ft Worth Division | NAME OF JUDGE D. Michael Lynn |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) /s/ James J. Manchee | | | |
| DATE 6-20-13 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) James J. Manchee | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

James J. Manchee
Manchee & Manchee, PC
12221 Merit Drive, Suite 950
Dallas, Texas 75251
(972) 960-2240 (telephone)
(972) 233-0713 (fax)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | 11-44508-dml13 |
| CANDICE DEVINA COLES, | § | CHAPTER 13 BANKRUPTCY |
| | § | |
| Debtor. | § | |
| | | |
| CANDICE DEVINA COLES, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | ADVERSARY NO. _____ |
| | § | |
| AD ASTRA RECOVERY SERVICES, | § | |
| INC. and SCIL TEXAS, LLC | § | |
| D/B/A WWW.SPEEDYCASH.COM | § | |
| | § | |
| Defendants. | § | |

**CORE ADVERSARY PROCEEDING, COMPLAINT FOR
CIVIL CONTEMPT AND DAMAGES**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Candice Devina Coles ("Plaintiff"), and complains of Ad Astra Recovery Services, Inc. ("Ad Astra") and SCIL Texas, LLC d/b/a www.SpeedyCash.com ("Speedy Cash"), (collectively "Defendants") Defendants. Plaintiff respectfully shows the following:

**I. INTRODUCTION**

Plaintiff brings this action for Defendants' violations of the automatic stay and seeks actual damages, punitive damages, and legal fees and expenses against Defendants.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the claims in this Complaint for Civil Contempt and Damages pursuant to 28 U.S.C. § 1331, 1334 and 1337(a), 28 U.S.C. §§2201-2202. The Court has the authority to enter a final order regarding this contested matter because it constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b) (2)(A), (E), (G), (I), (J) and (O). Pursuant to Sections 1408, 1409, and 1391(b) of Title 28 of the United States Code, venue is proper in this district/division.

## III. PARTIES

2. Plaintiff is the debtor in the above referenced case.

3. Defendant Ad Astra Recovery Services, Inc. is a foreign corporation which may be served by sending certified mail to its registered agent National Registered Agents, Inc., 16055 Space Center Dr., Suite 235, Houston, TX 77062.

4. Defendant SCIL Texas, LLC d/b/a www.SpeedyCash.com may be served by sending citation by certified mail to its registered agent, National Registered Agents, Inc., 16055 Space Center Blvd. Suite 235, Houston, TX 77062.

## IV. FACTUAL ALLEGATIONS

5. On August 5, 2011, Plaintiff commenced the above bankruptcy case by the filing of a voluntary petition under Chapter 13, pursuant to 11 U.S.C. § 301, and the Order for Relief was effective on the same day, pursuant to 11 U.S.C. § 301. Plaintiff filed Schedules in her bankruptcy case on or about the same date, which detailed the claim at issue asserted by Defendants. The claim was listed on Schedule "F" of Plaintiff's bankruptcy petition filed in her bankruptcy case as a general unsecured claim.

6. Defendant, Ad Astra Recovery Services, Inc., who is a debt collector, asserted a pre-petition

claim against Plaintiff, which it acquired from SpeedyCash.com 96-TX, in an attempt to collect a debt allegedly owed by her. Plaintiff was required to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes.

7. On or about August 5, 2011, Plaintiff filed a mailing matrix with this Court in her bankruptcy case which provided Speedy Cash's correct address.

8. On or about August 5, 2011, the Clerk of the Bankruptcy Court for the Northern District of Texas mailed out the "Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines" to all creditors, including Speedy Cash, and other parties based on the mailing matrix previously filed with this Court in Plaintiff's bankruptcy case. This mailing constituted formal notice to Speedy Cash and Ad Astra, as an agent of Speedy Cash, about the above Chapter 13 Bankruptcy Case. This notice warned all creditors, including Defendants, in conspicuous language against violating the automatic stay pursuant to 11 U.S.C. §362. The United States Postal Service did not return the notice sent to Defendant Speedy Cash. The notice was not returned. If the United States Postal Service has not returned the notice, there is a presumption that Defendants received the notice mailed to it by the Clerk of the Bankruptcy Court.

9. Plaintiff's Chapter 13 Plan was confirmed on November 9, 2011 and the Clerk of the Bankruptcy Court sent out a copy of the confirmation order to all creditors including Defendant Speedy Cash.

10. At no time has either of the Defendants filed a proof of claim, objected to or disputed the details of the claim at issue listed in the August 5, 2011 schedules filed in Plaintiff's Bankruptcy Case.

11. During the bankruptcy, Defendants engaged in debt collection activity against Plaintiff by accepting and/or continuing to try to collect their claim from Plaintiff, even though the automatic stay was in effect and their claim had been denied by operation of law since they failed to file a proof of claim.

12. Specifically, on or about January 9, 2012, Defendant Ad Astra called Plaintiff and sent her collection letters in an attempt to collect the prior Speedy Cash debt at issue which caused Plaintiff to send an email correspondence to Ad Astra to request it cease and desist from contacting her further.  A copy of this e-mail is attached hereto as Exhibit "A" and incorporated herein by reference.

13. On or about February 1, 2012, Ad Astra reported to Experian Credit Bureau that the debt at issue was for a collection account and there was a past due amount on the account for $407.00, but it failed to report that the account was included in a chapter 13 bankruptcy.

14. On or about March 30, 2012, the Chapter 13 Trustee filed his TRCC recommending and giving notice to Speedy Cash that the claim at issue be denied in the bankruptcy case. Subsequently, the claim at issue was denied.

15. On or about March 1, 2013, Defendant Ad Astra reported to Experian Credit Bureau that the debt at issue was still in collections and that there was still a past due amount on the account at issue for $407.00; but, again, it failed to disclose that the account was included in a confirmed chapter 13 plan.

16. During March of 2013, Plaintiff disputed the reporting of the account at issue with Experian Credit Bureau, but Defendant Ad Astra confirmed to Experian that the reporting was accurate when it clearly was not.

17. A copy of the portions of the Experian credit reports showing the incorrect reporting is attached hereto as Exhibit "B."

18. Defendants knew and in fact had actual knowledge that Plaintiff was the debtor in a bankruptcy case and was therefore protected from any direct or indirect collection acts whatsoever by virtue of the injunction provided by 11 U.S.C. §362.

19. Notwithstanding such knowledge, after Plaintiff filed her bankruptcy case, Defendants willfully: (1) continued to try to collect on the account at issue, even though they had not filed a proof of claim and knew that their claim had been denied or rejected as a matter of law; (2) failed to update their credit reporting with Experian to reflect that the account was included in bankruptcy; and (3) continued to report a balance due on the account at issue after Plaintiff's chapter 13 plan had been confirmed, as if the debt was still owed and collectible from Plaintiff.

20. Defendants were aware that their collection activities would and did damage Plaintiff and her ability to enjoy life and her fresh start guaranteed by the bankruptcy code.

## V. DAMAGES

21. 11 U.S.C. §362 and the lawful injunctions pursuant to 11 U.S.C. §105 require that one injured by a willful violation of the orders and injunctions of the Bankruptcy Court be awarded actual damages. These damages include not only reimbursement for financial injury, but compensation for non-financial injury as well. Further, the Court may award a plaintiff punitive damages under the appropriate circumstances.

22. The conduct of Defendants here has substantially frustrated the Automatic Stay and Confirmation Order and has cost Plaintiff unnecessary time, effort and expense in seeking to enforce her rights to the protections of the automatic stay. As a result of the actions and

inactions of Defendants, Plaintiff has been deprived of part of her fresh start and cannot look forward to a clear field for future endeavors.

23. Damages should be awarded in this case not only to compensate for the losses or injury presumed and sustained by Plaintiff, but also to coerce Defendants into compliance with the orders issued by this Bankruptcy Court and other bankruptcy courts in which Defendants may come into contact.

24. Neither cost-benefit analysis nor proportionality is allowed in determining any element of damages awarded, with the exception of punitive damages sought.

25. An award of damages to cover the value of any loss, any out-of pocket expenses or cost incurred, including the value of the personal time of Plaintiff in having to deal with the conduct and actions of Defendants, and in having to participate in this adversary proceeding is required.

26. Damages for the emotional and psychological distress that Defendants' violations of the Court's automatic stay and injunction caused Plaintiff are recoverable, because actual damages include non-financial harm to Plaintiff as well as those of financial distress.

27. Plaintiff's emotional distress is significant in that it is not and was not fleeting, inconsequential or trivial from Plaintiff's perspective. This is evident from the fact that the filing of her bankruptcy case was Plaintiff's attempt to alleviate the otherwise insurmountable social and economic problems she faced, as well as preserve the dignity she held for herself. A failing in the effectiveness of the automatic stay that was promised to Plaintiff causes the emotional distress that Plaintiff originally intended to halt to return.

28. This emotional distress is distinct from the anxiety and pressures inherent with filing a Chapter 13 bankruptcy in that the bankruptcy process was intended to take the pressure off of

Plaintiff from having to deal with the very actions and conduct of Defendants complained of here, and therefore, the actions and conduct of Defendants cannot be deemed inherent in the bankruptcy process.

29. Due to Defendants' conduct, Plaintiff was forced to hire counsel and her damages include reasonable attorney's fees incurred in prosecuting this claim.

30. Since Defendants continue to harass Plaintiff, her damages are ongoing in nature and Defendants are liable for any and all future harm suffered by Plaintiff as a result of their conduct. The conduct of Defendants have substantially frustrated the automatic stay in this case and has cost Plaintiff unnecessary time, effort and expense in seeking to enforce her right to protection from creditor harassment.

## VI. GROUNDS FOR RELIEF

### VIOLATIONS OF THE AUTOMATIC STAY

31. Plaintiff repeats, re-alleges, and incorporates by reference the above paragraphs 4 through 30 as if set forth herein in their entirety. At all times material to this proceeding, Defendants have actual knowledge of Plaintiff's Chapter 13 bankruptcy filing.

32. Defendants failed to cease their debt collection activity when they became aware that Plaintiff filed for bankruptcy protection by misreporting the status of the account and debt at issue to Experian credit bureau.

33. Defendants' aforesaid actions are willful acts and constitute efforts to collect debt from Plaintiff in violation the automatic stay of 11 U.S.C. § 362. Defendants' failure to comply with the aforesaid laws, in light of repeated notices from the Court and their duties to update their reporting of the account under 15 U.S.C. §1681s-2(a), illustrates their contempt for federal law, the automatic stay and this Court.

34. The facts and background stated above demonstrate that Defendants willfully violated the orders and injunctions of the Court as they concern the Chapter 13 bankruptcy filed by Plaintiff. With this prima facie showing, the duty is on Defendants to show, as the only defense, a present inability to comply with the orders and injunctions of the Court that goes beyond a mere assertion of inability. Failing a showing of a present inability to comply with the orders and injunctions of the Court by Defendants, Plaintiff must prevail on her claims and Defendants must be held liable for willfully violating the orders and injunctions of the Bankruptcy Court with regard to the bankruptcy filed by Plaintiff. Any defense put forth by Defendants in this adversary proceeding can only constitute a good faith exception, as no other reasonable explanation can be made to justify the conduct and actions of Defendants. Any allegation of a good faith exception should not be allowed.

35. The automatic stay of the Bankruptcy Court cannot be waived, except by the virtue of a motion to lift the automatic stay and order granting such motion.

36. Also, there is no requirement of mitigation on the part of Plaintiff that is relevant to violations of the orders and injunctions of the Court. Any attempt to burden Plaintiff with policing the misconduct of Defendants would be a complete derogation of the law. It is well settled that each party to an injunction or order of the Court is responsible for ensuring its own compliance with the injunction or order and for shouldering the cost of compliance. Any such defense would constitute a collateral attack on the injunctions and orders of the Bankruptcy Court in this proceeding, which is prohibited. Any defense put forth by Defendants in this adversary proceeding can only constitute a claim of mitigation, as no other reasonable explanation can be made to explain the conduct and actions of Defendants. No allegation of a mitigation as a defense should be allowed.

37. This Court has the power to hold Defendants in contempt and issue sanctions by virtue of the Court's inherent authority to enforce its own orders and the statutory authority set forth in 11 U.S.C. §105(a). Plaintiff requests that the Court hold Defendants in contempt to enforce and to protect the integrity of its automatic stay.

38. Plaintiff has been injured and damaged by Defendants' actions and is entitled to recover judgment against Defendants for actual damages in an amount not less than $15,000.00, and punitive damages in an amount not less than $15,000.00, plus an award of costs and reasonable attorneys' fees, for violations of 11 U.S.C. §362, and pursuant to the Court's powers under 11 U.S.C. § 105.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Candice Devina Coles, prays that the Court will:

    A.    Find that Defendants violated the automatic stay;

    B.    Find that the violation of the automatic stay by Defendants was "willful," as that term has been defined, and intentional;

    C.    Sanction and award against Defendants actual damages for all financial and non-financial harm or injury incurred by Plaintiff, including attorneys' fees, costs and expenses;

    D.    Find Defendants in contempt for violating the automatic stay;

    E.    Sanction and award Plaintiff damages necessary to coerce Defendants into compliance with this Court's orders, as well as the orders of other bankruptcy courts in which Defendants may come into contact;

    F.    Award to Plaintiff, and for the benefit of the undersigned attorneys, all of her attorneys' fees, costs and expenses incurred in representing Plaintiff in these matters; and

G. Grant such other and further relief, in equity or in law, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

/s/ James J. Manchee
James J. Manchee
State Bar Number 00796988
Marilyn S. Altamira
State Bar Number 00796119
Manchee & Manchee, PC
12221 Merit Drive, Suite 950
Dallas, Texas 75251
(972) 960-2240 (telephone)
(972) 233-0713 (fax)

COUNSEL FOR PLAINTIFF